UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT G. MAXON,
    Plaintiff,

vs.                                                14-1328

MIKE WATERWORTH, et.al.,
    Defendants.

## MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Woodford County Jail. The plaintiff has named six defendants including Jail Superintendent Mike Waterworth, Sheriff James Piercell, Officer Werz, Nurse John Doe and Dr. John Doe. The plaintiff says both the Jail Administrator and the Sheriff were "very well aware" of a problem with water leaking onto the dayroom floor. (Comp., p. 6). Instead of fixing the problem, the plaintiff says the defendants would bring a mop to the jail inmates and ask them to clean it up.

The plaintiff says on November 6, 2014, he slipped in the water, hit his head on a wall and was knocked unconscious. The plaintiff was taken to an outside hospital where it was determined he was suffering from a mild concussion. The emergency room doctor said the plaintiff should also be examined by an eye doctor and referred him to an eye clinic. However, the plaintiff says he was never allowed to see an eye doctor. Jail Superintendent Watersworth told the plaintiff he would not approve an outside visit unless the jail doctor also recommended it.

The plaintiff says on November 9, 2014, he saw Jail Nurse John Doe and told him he was still suffering from headaches due to the fall. The nurse refused to provide the plaintiff with any medication and told the plaintiff if he wanted aspirin, he would have to pay for it himself.

1

The plaintiff says he continued to suffer with reoccurring headaches and dizziness. On January 11, 2013, the plaintiff says he became so dizzy he fell hitting his head and hip. Other inmates called Officer Werz, but the officer refused to notify medical staff or provide any medical care. The plaintiff put in a medical request and saw Dr. John Doe three three days later. The doctor said it appeared the plaintiff might be suffering from another concussion, but he refused to provide any other treatment.

The plaintiff has articulated violations of his constitutional rights. The parties will need to clarify whether the plaintiff was a detainee awaiting trial or a convicted inmate at the time of his allegations to determine whether his claims arise out of the Eighth Amendment or the Fourteenth Amendment.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the plaintiff alleges defendants Jail Superintendent Mike Waterworth and Sheriff James Piercell were deliberately indifferent to a substantial risk of harm; and Defendants Waterworth, Officer Werz, Nurse John Doe and Dr. John Doe were deliberately indifferent to a serious medical condition. The claims are stated against the defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from service to file an Answer. If the defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a defendant who no longer works at the address provided by plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a defendant, the plaintiff need not send copies of his filings to that defendant or to that defendant's counsel. Instead, the Clerk will file plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on the defendants is not available, the plaintiff will be notified and instructed accordingly.

7) Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8) The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from defendants' counsel an authorization to release medical records, the plaintiff is directed to sign and return the authorization to defendants' counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) Attempt service on the defendants pursuant to the standard procedures;

2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and

3) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Lastly, it is ordered that if a defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps

to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

Entered this 15th day of September, 2014.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
U. S. DISTRICT JUDGE